UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
2003 SEP 29 P 4: 24
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| OFFSHORE SPECIALTY FABRICATORS | * | CIVIL ACTION |
| | * | |
| | * | NO. 03-2652 |
| VERSUS | * | |
| | * | DIVISION "S" (2) |
| ROCKY HENDERSON, ET AL | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

### ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES & Third Party Demand & Counter Claims

NOW INTO COURT, through undersigned counsel, come Rocky Wayne Henderson, Judy Diane Henderson, Gulf Rental & Supply, LLC, James Grady Jones, Shana Jones, Jay Henderson, New Route Sales and Services, LLC, and Ceara Star (Malta), Ltd. and respond to the Plaintiff's Petition for Damages as follows.

### FIRST DEFENSE

The Petition fails to state a right or a cause of action upon which relief can be sought against these defendants.

### SECOND DEFENSE

Rocky Wayne Henderson specifically and affirmatively asserts that Offshore Specialty Fabricators, Inc. owes him unpaid bonuses and other sums which exceed those alleged in the Petition which should be set off as an affirmative response to the plaintiff's allegations.

### THIRD DEFENSE

James and Shana Jones specifically deny all claims asserted against them in this lawsuit and affirmatively assert that the plaintiff, their representatives and counsel have no

___ Fee_____
✓ Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

1

basis in fact or in law upon which to have based the allegations asserted against the Jones in this matter, thereby constituting bad faith by them in making those allegations. The claims asserted against James and Shana Jones fail to state a right or cause of action.

## FOURTH DEFENSE

These defendants assert that some or all of the plaintiff's claims are prescribed.

## FIFTH DEFENSE

Rocky and Judy Henderson, Jim and Shana Jones and Jay Henderson assert that they are not liable for any alleged claims, debts or obligations of any limited liability corporation of which they are members, shareholders, managers or employees.

## SIXTH DEFENSE

Rocky Henderson affirmatively asserts that he never acted intentionally, unfairly, or improperly to harm Offshore Specialty Fabricators, Inc. (hereinafter "OSFI") and that his actions were in good faith and based on sound business judgment. Rocky Henderson further asserts that William Kallop had actual or constructive knowledge of the business activities of Rocky Henderson.

## SEVENTH DEFENSE

The plaintiff's claims, including but not limited to those under the Louisiana Unfair Trade Practice Act and RICO, fail to state a claim upon which relief can be granted against these defendants.

## EIGHTH DEFENSE

Rocky Henderson affirmatively asserts that certain loans were made to him, because of personal financial commitments and loans which he made for or on behalf of Offshore Specialty Fabricators, Inc., William Kallop, or other entities associated with Kallop.

## NINTH DEFENSE

The plaintiff has failed to plead any basis for the allegations of fraud, as required by FRCP Rule 9(b).

## TENTH DEFENSE

The plaintiff has failed to allege the details of its RICO allegations as required by the Eastern District's standing rule; therefore, those claims should be dismissed.

## ELEVENTH DEFENSE

Jay Henderson affirmatively asserts that he never acted intentionally, unfairly, or improperly to harm Offshore Specialty Fabricators, Inc. (hereinafter "OSFI") and that his actions were in good faith and based on sound business judgment.

And now responding to the allegations of the Petition for Damages, these defendants assert as follows.

I.

The allegations as to these defendants, as set forth in the introductory paragraph of the Petition and in Paragraphs 1-4, 6, 18, 104, 108, 140, 152, 153, 157, 168-170, 172, 194, 204, 208-210, 212, 217, 220, 229, and 239 are admitted.

II.

The allegations contained in Paragraphs 5, 8-17, 19-21, 24, 25, 31-35, 37, 38, 43-45, 51-56, 58, 59, 61-68, 70-72, 74, 76, 78, 79, 80, 82, 85, 90, 93-102, 105-107, 109-111, 113-117, 122, 123, 126, 127, 129, 133, 138-139, 142, 145-151, 154-56, 158-167, 173, 175-77, 179-183, 185-188, 189, 191,192, 193, 195, 201-203, 205-207, 211, 214-216, 221, 222, 224, 225, 227, 228, 231, 233, and 234-238 and the concluding paragraphs are denied.

III.

The allegations contained in Paragraphs 26-28, 42, 60, 118-121, 223 and 232 are denied for lack of sufficient information upon which to justify a belief.

IV.

The allegations contained in Paragraphs 7, 22, 23, 29, 30, 36, 39-41, 49, 50, 57, 69, 75, 81, 83, 84, 91, 103, 112, 124, 125, 171, 174, 190, 196-200, 213, 218, 219, 226 and 230 are denied as written.

V.

The allegations contained in Paragraphs 128, 130-132, 134-137, 141, 143, 144, 178 are denied as to these defendants and denied for lack of sufficient information as to other defendants.

VI.

The allegations contained in Paragraph 46 are denied as written. The memorandum in question is a written document which is the best evidence of its terms, conditions and contents, which are pled herein; however, the Exhibit E attached to the Petition is illegible, and therefore the allegations contained in Paragraph 46 are denied as written.

VII.

The allegations contained in Paragraph 47 are denied as written, as the document referenced as Exhibit F is a written document which is the best evidence of its terms and conditions, which are pled as if copied herein in extenso.

VIII.

The allegations contained in Paragraph 48 are denied as written, as the document referenced as Exhibit G is a written document which is the best evidence of its terms and conditions, which are pled as if copied herein in extenso.

IX.

The allegations contained in Paragraph 73 are denied as written, as the document referenced as Exhibit H is a written document which is the best evidence of its terms and conditions, which are pled as if copied herein in extenso.

X.

These parties admit that Ceara Star is the owner of the MV Judy Diane. Gulf Rental & Supply is the owner of the stock of Ceara Star. The allegations contained in paragraph 77 are denied.

XI.

The allegations contained in Paragraph 86 of the Petition for Damages are denied as written. These parties admit that OSFI has billed labor and material, as set forth in Exhibit K; however, that document is a written document which is the best evidence of its terms and conditions, which are pled herein as if copied in extenso. These parties also deny that the charges set forth in the bill are accurate, or were actually incurred as stated.

XII.

The allegation contained in Paragraph 87 of the Petition for Damages are denied as written. These parties admit that OSFI has billed labor and material, as set forth in Exhibit L; however, that document is a written document which is the best evidence of its terms and

condition, which are pled herein as if copied in extenso. These parties deny the correctness of the bill.

XIII.

The allegation contained in Paragraph 88 of the Petition for Damages are denied as written. These parties admit that OSFI has billed for labor and material, as set forth in Exhibit M; however, that document is a written document which is the best evidence of its terms and conditions, which are pled herein as if copied in extenso. These parties deny the correctness of the bill.

XIV.

The allegations contained in Paragraph 89 of the Petition for Damages are denied as written. These parties admit that OSFI has billed for labor and material, as set forth in Exhibit N; however, that document is a written document which is the best evidence of its terms and conditions, which are pled herein as if copied in extenso. These parties deny the correctness of the bill.

XV.

Rocky and Judy Henderson admit they purchased a ranch in Texas, which was more than 2,000 acres. All other allegations contained in paragraph 184 are denied.

XVI.

The allegation contained in Paragraph 92 of the Petition for Damages are denied as written. These parties admit that OSFI has billed labor and material, as set forth in Exhibit N; however, that document is a written document which is the best evidence of its terms and conditions, which are pled herein as if copied in extenso. These parties deny the correctness of the bill.

XVII.

These parties specifically request a trial by jury on all issues asserted by or against them in this matter.

XVIII.

These defendants specifically and affirmatively assert that Bill Kallop was in fact aware of the actions taken by Rocky Henderson and the other parties in the operations of these various companies.

XIX.

Rocky Henderson affirmatively asserts that all of the actions taken by him were correct, proper and in the best interest of the various business entities, including Offshore Specialty Fabricators, Inc. Rocky Henderson further affirmatively asserts that Bill Kallop had actual or constructive knowledge of Rocky Henderson's actions. This knowledge by Kallop was either direct, tacit, constructive and/or a passive approval of all such actions by Rocky Henderson.

XX.

Any and all allegations in the Petition which are not specifically addressed above are denied.

**THIRD PARTY DEMANDS AND COUNTER-CLAIMS**

AND NOW assuming the position of third party plaintiff, Rocky Henderson asserts the following claims against William Kallop, who upon information and belief is a resident of Houston, Texas, and at all times pertinent to this lawsuit was the owner of Offshore Specialty Fabricators, Inc. Also, Rocky Henderson and Gulf Rental & Supply, Inc. assert the following counter claims against Offshore Specialty Fabricators, Inc.

XXI.

Rocky Henderson specifically asserts that the allegations and representations made by William Kallop on behalf of and by Offshore Specialty Fabricators, Inc. in this lawsuit are false, fraudulent and were made in bad faith. Rocky Henderson further asserts that these allegations are being made simply to leverage William Kallop's position with regard to the money owed to Rocky Henderson by Kallop and/or Offshore Specialty Fabricators, Inc., which they have refused to pay.

XXII.

Rocky Henderson specifically asserts that William Kallop and Offshore Specialty Fabricators, Inc. owe him and other employees unpaid bonuses, which have been specifically agreed upon and promised by William Kallop, individually and on behalf of Offshore Specialty Fabricators, Inc. More particularly, Rocky Henderson asserts that Bill Kallop and Offshore Specialty Fabricators, Inc. agreed to pay Rocky Henderson bonuses for the years 1998-2000 in excess of $2.5 million, which amount has been specifically requested on numerous occasions, but which Kallop and Offshore Specialty have refused to pay.

Rocky Henderson and other employees are also owed bonuses for the years 2001 and 2 002; h owever, t he e xact a mount o f t he b onuses o wed h as n ot yet b een c alculated, because of the manipulations by Offshore Specialty Fabricator Inc. of its books and accounting practices, which as of this time precludes the proper calculation by Rocky Henderson of the amount of bonuses owed to him and other employees of Offshore Specialty Fabricators, Inc.

XXIII.

Rocky Henderson further asserts that Kallop and Offshore Specialty Fabricators owe and have promised to pay other key employees bonuses in excess of $2 million, which amounts Kallop and Offshore Specialty Fabricators, Inc. have also refused to pay. Upon information and belief, these actions by Kallop and Offshore Specialty Fabricators, Inc. have been taken to further damage Rocky Henderson's reputation and business relations.

XXIV.

Rocky Henderson specifically asserts that William Kallop and Offshore Specialty Fabricators, Inc. owe him significant amounts of money for unpaid loans by Rocky Henderson to or on behalf or for the benefit of Offshore Specialty Fabricators, Kallop, or other Kallop related entities. In the event that this Court determines that loans between and among Kallop, Henderson, Offshore Specialty Fabricators, and the other entitles require the payment of interest, then Rocky Henderson asserts that Kallop and Offshore Specialty Fabricators, Inc. owe him interest on the numerous loans Rocky Henderson made to and on behalf of Offshore Fabricators, Inc. and other Kallop interests.

XXV.

Rocky Henderson, Ceara Star and Gulf Rental & Supply further assert that the invoices for labor and materials sent to them by Offshore Specialty Fabricators, Inc. for work on the vessel M/V Diane were incorrect and inflated as labor and material not spent on that job have been added to the invoices and the rates for the labor and material are higher than were to be billed to Rocky Henderson. Upon information and belief, the invoice(s) have been improperly inflated by approximately $200,000. Accordingly, any amounts determined to be owed by Henderson for that work should be reduced accordingly.

9

XXVI.

Rocky Henderson, Ceara Star and Gulf Rental & Supply further assert that Offshore Specialty Fabricators, Inc. has further falsely invoiced them for charges that were never incurred by Offshore Specialty Fabricators in connection with the refurbishing of the M/V Diane. More particularly, Offshore Specialty has invoiced Rocky Henderson, Ceara Star and Gulf Rental & Supply for approximately $114,800 in docking fees that were never incurred by Offshore Specialty Fabricators. These parties specifically assert that the false invoicing of the amounts was done by Kallop, Offshore Specialty Fabricators, Inc. and/or their agents intentionally or fraudulently, as these charges were never incurred by OSFI. Accordingly, OSFI's assertions otherwise and its subsequent billing of these charges to Rocky Henderson was done fraudulently and in violation of the Louisiana Unfair Trade Practice Act and/or other applicable statutes.

XXVII.

Rocky Henderson further asserts that William Kallop and Offshore Specialty Fabricators, Inc. at the direction of William Kallop have specifically taken actions to defame and slander Rocky Henderson by causing false and defamatory information about him to be disseminated to the public including to the news media, business associates and former employees of Rocky Henderson. The actions of Kallop and Offshore Specialty Fabricators have caused damages to Rocky and Judy Henderson, including embarrassment, loss of reputation in the community, etc.

XXVIII.

Upon information and belief, the above referenced actions by William Kallop and Offshore Specialty Fabricators, Inc. have been taken with the specific intent of harassing

10

and embarrassing Rocky Henderson and/or to restrict and impair his ability to operate a competitive business, all in violation of the Louisiana Unfair Trade Practices Act, and/or other applicable statutes.

XXIX.

Gulf Rental & Supply asserts that OSFI leased two cherry picker pieces of equipment from Gulf Rental & Supply, which equipment was supplied to and has been used by OSFI; however, despite repeated demands OSFI refuses to pay the rental price for this equipment to Gulf Rental & Supply. As of this date, OSFI owes Gulf Rental & Supply in excess of $33,000 for the rental of the two cherry pickers.

XXX.

Rocky Henderson affirmatively asserts that William Kallop and/or other representatives of Offshore Specialty Fabricators, Inc. have altered the financial records of OSFI with the specific intent of defrauding Rocky Henderson and others of bonus money owed to him and other employees. More particularly, Rocky Henderson asserts that upon information and belief, Kallop and OSFI have altered OSFI financial records by improperly adjusting inventory and other items, so as to deprive Rocky Henderson and others of their rightfully earned bonus money from 1988 to the present.

XXXI.

Rocky Henderson asserts that he owns a ranch in Texas, which was leased to OSFI for its use as a hunting camp. Pursuant to the terms of the lease, which commenced on July 15, 2000, OSFI was to pay $36,362/yr for 5 years. However, after paying the lease for 1 year OSFI stopped making the lease payments, despite continued and regular use of the

camp by OSFI and its associates. Accordingly, Rocky Henderson prays for full payment of all back due amounts with specific performance and/or damages for further unpaid amounts.

WHEREFORE, after due proceedings are had, these parties pray that all of the plaintiff's claims against them be dismissed with prejudice at plaintiff's costs. Rocky Henderson further prays that after due proceedings are had that a judgment be rendered on his behalf against William Kallop and Offshore Specialty Fabricators, Inc. for the full amounts owed to him in this matter. Gulf Rental & Supply further prays that after due proceedings are had that a judgment be rendered in its favor and against Offshore Specialty Fabricators, Inc. for the full amount of Gulf Rental & Supply's damages. These parties further pray that this Court dismiss all the claims against them and take appropriate actions against Offshore Specialty Fabricators, Inc. and William Kallop for asserting fraudulent claims for which they have no basis in fact or in law. These parties further pray for all general and equitable relief to which they may be entitled in this matter.

              Respectfully submitted,

              GEORGE J. NALLEY, JR.
              A Professional Law Corporation

              _____ (9883)
              GEORGE J. NALLEY, JR.
              Heritage Plaza - Suite 920
              111 Veterans Memorial Blvd.
              Metairie, LA 70005
              (504) 838-8188

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 29th day of September, 2003 served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States mail, properly addressed, and first class postage.

_____
GEORGE J. NALLEY, JR., APLC